| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED:  3/4/2014 |

In the matter of A.A.S.: infant under the age of 16,

YERALDA BEATRIZ SILVESTRE DE LEON,

                           Petitioner,

    -v-

KILENOVICH ESCOTTO CABRERA,

                           Respondent.

**No. 14 Civ. 703 (VEC)**

In the matter of V.A.E.G.: infant under the age of 16,

JENNIFER PALOMA GARCIA MARCHANT,

                           Petitioner,

    -v-

KILENOVICH ESCOTTO CABRERA,

                           Respondent.

**No. 14 Civ. 704 (VEC)**

## OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

      Petitioners Yeralda Beatriz Silvestre de Leon and Jennifer Paloma Garcia Marchant seek the return of their two sons to the Dominican Republic pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 ("Hague Convention"), as implemented through the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 *et seq.* ("ICARA"). On February 19, 2014, Petitioners requested and the Court denied a stay of a previously-commenced custody proceeding in state court. This opinion reflects the Court's reasons for that denial.

## BACKGROUND

      Petitioners commenced their cases on February 3, 2014. According to the petitions, Respondent Kilenovich Escotto Cabrera, the children's father, had absconded with the children to the United States without Petitioners' consent on or about July 15, 2013. The Court then

imposed a temporary restraining order prohibiting Respondent from removing the two children from this Court's jurisdiction and setting a hearing for February 13, 2014. Respondent failed to appear at that hearing. The Court then extended the temporary restraining order until a second hearing scheduled for February 21. By letter dated February 19, Petitioners advised the Court that they had received a summons to appear the following day in Bronx Family Court for custody proceedings. Petitioners asked the Court to stay those proceedings. Respondent had commenced those actions on January 21, 2014, before Petitioners filed the instant cases. Respondent's petitions in Bronx Family Court also indicated that Respondent had been awarded guardianship over both children on August 27, 2013. As noted above, on February 19, 2014, the Court declined to stay these state custody proceedings.

## DISCUSSION

The All Writs Act and the Anti-Injunction Act together govern the Court's ability to stay a pending state proceeding. Pursuant to the All Writs Act, the Court is empowered "to 'issue all writs necessary or appropriate in aid of [the Court's] . . . jurisdiction[] and agreeable to the usages and principles of law.'" *Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 425 (2d Cir. 2004) (quoting 28 U.S.C. § 1651(a)). But the Anti-Injunction Act "bars a federal court from enjoining a proceeding in state court unless that action is 'expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Id.* (quoting 28 U.S.C. § 2283). In considering these exceptions, "the Supreme Court has directed that '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *Id.* at 425–26 (alteration in original) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)).

At the time of Petitioners' request on February 19, no judgment had been entered requiring the Court's protection. Therefore, that exception in the Anti-Injunction Act is inapplicable. Nor do the Anti-Injunction Act's remaining exceptions authorize the Court to enjoin the Family Court proceeding. First, neither ICARA nor the Hague Convention expressly authorize this Court to enjoin a state proceeding. To be sure, the Hague Convention envisions that state custody proceedings should be placed on hold while a petition is pending:

> After receiving notice of a wrongful removal or retention of a child in the sense of Article 3, the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained shall not decide

> on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of the notice.

Hague Convention, art. 16.  This language is consistent with the Hague Convention's goal of deterring family members from removing children "to jurisdictions more favorable to [his or her] custody claims in order to obtain a right of custody from the authorities of the country to which the child ha[d] been taken." *Mota v. Castillo*, 692 F.3d 108, 112 (2d Cir. 2012) (alterations in original) (quoting *Gitter v. Gitter*, 396 F.3d 124, 129 (2d Cir. 2005)).  But this language does not provide this Court with the express authorization necessary to impose such a stay and to "usurp the [state] court's role in deciding what matters that court is permitted to adjudicate." *Rigby v. Damant*, 486 F. Supp. 2d 222, 227 (D. Mass. 2007); *see Diabo v. Delisle*, 500 F. Supp. 2d 159, 165 (N.D.N.Y. 2007) (concluding that "no express authorization by Act of Congress" permitted an injunction of state proceedings in a Hague Convention case).

Petitioners primarily rely upon the Anti-Injunction Act's exception for injunctions "necessary in aid of [the Court's] jurisdiction." 28 U.S.C. § 2283.  This exception "implies that 'some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props. LLC*, 445 F. Supp. 2d 356, 360 (S.D.N.Y. 2006) (quoting *Atl. Coast Line R.R. Co.*, 398 U.S. at 295).  But the state custody proceedings here pose no real threat to this Court's jurisdiction.  Under ICARA and the Hague Convention, the Court's jurisdiction extends "only over the wrongful removal or retention claim." *In re Lozano*, 809 F. Supp. 2d 197, 217 (S.D.N.Y. 2011); *see* 42 U.S.C. § 11601(b)(4) ("The Convention and this chapter empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims.").  Even if the Bronx Family Court were to render a competing custody determination before Petitioners' claims in this Court can be resolved, the Hague Convention provides that "[t]he sole fact that a decision relating to custody has been given in . . . the requested State shall not be a ground for refusing to return a child under this Convention." Hague Convention, art. 17.  Because the merits of the underlying custody claims do not control the outcome of Petitioners' Hague Convention claims, a custody determination by the Bronx Family Court would not "defeat or impair the jurisdiction of the federal court." *See Wyly v. Weiss*, 697 F.3d 131, 137 (2d Cir. 2012) (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229

(1922)); *Rigby*, 486 F. Supp. 2d at 227 ("Even if the state court made a custody determination before this court issued a judgment, that ruling would not bind this court.").

Petitioners' reliance on the court's conclusion in *Diabo v. Delisle*, 500 F. Supp. 2d 159 (N.D.N.Y. 2007), in support of an injunction here is misplaced.  Unlike the case here, the *Diabo* court had already entered into the record an agreed-upon stipulation that the parties would not "attempt to enforce any of the alleged existing custody orders" or seek any "additional custody orders."  *Id.* at 163, 166.  After entering that settlement, the respondent "initiated a custody proceeding" in New York state court.  *Id.* at 164.  Because the respondent commenced a new custody proceeding after the court had already barred the parties from doing so, a strong argument could be made that the Anti-Injunction Act would not bar an injunction of those proceedings.  *See Pathways, Inc. v. Dunne*, 329 F.3d 108, 114 (2d Cir. 2003) ("The Anti-Injunction Act does not prevent a federal court from restraining a party from instituting future state proceedings.").

But even were that not the case, "an injunction in aid of jurisdiction is particularly appropriate where a district court retains jurisdiction over suits related to a consent judgment." *Hutton Const. Co. v. Cnty. of Rockland*, Nos. 87 Civ. 4027, 93 Civ. 2465, 1997 WL 291954, at *3 (S.D.N.Y. June 2, 1997) (citing *United States v. Am. Soc'y of Composers, Authors & Publishers*, 32 F.3d 727, 731 (2d Cir. 1994)).  In *Diabo*, the court retained jurisdiction to enforce the settlement's terms, including the parties' agreement not to pursue custody in state court. *Diabo*, 500 F. Supp. 2d at 163–64.  Thus, the injunction in *Diabo* "w[as] directed at state court actions where the terms or enforcement of the federal settlement were clearly at issue." *Wyly*, 697 F.3d at 139.  Where, as here, the custody proceedings predate both the instant petitions as well as the request for an injunction, and the Court has not entered any settlement or other judgment purporting to bar any state custody proceedings, "the case for applying the 'in aid of jurisdiction' exception is much weaker."  *See id.*  Accordingly, the "in aid of jurisdiction" exception to the Anti-Injunction Act does not apply to Petitioners' requested relief.

- 5 -

## CONCLUSION

    For the reasons stated above, the Court will not enjoin the pending cases in Bronx Family Court.

**SO ORDERED.**

**Date:  March 4, 2014**                               **VALERIE CAPRONI**
      **New York, NY**                                 **United States District Judge**